**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **Darius Bolton** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| **Darryl Larrabee** | ) | |
| **Carson Witzel** | ) | |
| **Antonio Martinez** | ) | JURY TRIAL DEMANDED |
| **Aaron Jackson** | ) | |
| **Officer H. Milner** | ) | |
| **City of Griffin, Georgia** | ) | |
| | ) | |
| All individually and officially, | ) | |
| | ) | |
| Defendants. | | |

---

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Darius Bolton, and files this Complaint for Damages

against the above-named defendants, all individually, showing as follows.

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for violation of his rights as

guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988,

and Georgia law. Plaintiff seeks compensatory damages, special damages, general

1

damages, punitive damages, reasonable attorneys' fees and costs, and any and all other relief to which he is or may be entitled by law as more fully described below.

## JURISDICTION AND VENUE

1. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for his claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Spalding County, Georgia and is subject to the jurisdiction and venue of this Court.

5. The individual officer Defendants are all current or former police officers for the City of Griffin and are subject to the jurisdiction and venue of this Court.

6. The City of Griffin is a municipal corporation within Spalding County, Georgia, and is subject to the jurisdiction and venue of this Court.

7. At all times relevant hereto, the individually named Defendants were sworn police officers working for the City of Griffin Police Department and were acting under color of law.

8. All conditions precedent to this action, including ante litem notice, have occurred, been executed, or made moot.

## FACTUAL ALLEGATIONS

9. On December 30, 2024 at approximately 3:30 a.m., Plaintiff, who is black, was lawfully walking in the area of N. 3rd St., Griffin, Spalding County, Georgia. Plaintiff was committing no crime.

10. Larrabee, who is white, was on routine patrol and approached the intersection where Plaintiff was situated. There, he spotted Plaintiff and parked his patrol car.

11. Larrabee then exited his patrol vehicle and immediately called out to Plaintiff, asking him "what's going on?".

12. Plaintiff walked across the street towards Larrabee at an ordinary pace and kept his hands visible at all times.

13. No reasonable officer would have found Plaintiff's behavior to be threatening or menacing in any way.

14. As Plaintiff slowly crossed the street towards Larrabee's patrol vehicle, Larrabee drew his service firearm and pointed it at Plaintiff, holding it on him while commanding Plaintiff to get on his knees.

15. Plaintiff complied and sat on the sidewalk while Larrabee continued pointing his firearm at Plaintiff.

16. Simultaneously, Larrabee radioed for assistance, which arrived shortly thereafter in the form of Officers Witzel, Martinez, Jackson, and Milner.

17. Witzel, Martinez, Jackson, and Milner arrived on scene and approached Plaintiff, who was still complying with Larrabee's orders, while Larrabee continued to hold Plaintiff at gunpoint.

18. Witzel, Martinez, Jackson, and Milner then quickly approached Plaintiff while Larrabee ordered them to physically detain Plaintiff by cuffing him.

19. Witzel, Martinez, Jackson, and Milner grabbed Plaintiff and began lifting him off the ground, at which point they began to place him in handcuffs despite having no reasonable suspicion or probable cause to do so.

20. Plaintiff was startled, alarmed, scared, and confused at being accosted by the four officers, all while Larrabee continued to hold him at gunpoint. Nevertheless, he offered no resistance while being lifted and cuffed.

21. Larrabee and the other officers apparently perceived Plaintiff's shock and confusion as resistance, and Larrabee began shouting "taser, taser taser!".

22. Witzel, Martinez, Jackson, and Milner continued grabbing Plaintiff as Larrabee holstered his firearm, drew his Taser, and fired multiple Taser rounds at Plaintiff.

23. One of the Taser cartridges struck Plaintiff in the abdomen and incapacitated him while causing extreme physical and emotional pain and distress.

24. Plaintiff was then handcuffed, arrested, and charged with misdemeanor Obstruction of an Officer under O.C.G.A. § 16-10-24.

25. Critically, Plaintiff was never charged with any offense which would have ostensibly justified the original *Terry* stop.

26. Plaintiff spent approximately two days in jail before being released.

27. His criminal charge was ultimately dismissed upon review by the Solicitor-General.

28. Witzel, Martinez, Jackson, and Milner observed Larrabee's acts of unlawful show of force (in drawing his firearm), unlawful detention, and unlawful use of

force (in deploying his Taser), yet took no action to stop, dispel, limit, or mitigate the harm that was occurring despite having a constitutional duty to do so.

29. Witzel, Martinez, Jackson, and Milner are also liable for their own use of force in grabbing and accosting Plaintiff, in holding him to be tased, in detaining him, and in cuffing him all without probable cause or reasonable suspicion.

30. There was no probable cause to detain Plaintiff.

31. There was no reasonable articulable suspicion to initiate a *Terry* stop with Plaintiff in the first place.

32. There was no justification for Larrabee drawing his firearm on Plaintiff.

33. There was no probable cause to arrest and charge Plaintiff for Obstruction of an Officer.

34. Larrabee was investigated by the City of Griffin Police Department and was allowed to resign in lieu of termination.

35. Larrabee has pending criminal charges of Simple Battery in the State Court of Spalding County arising from his unlawful use of force against Plaintiff.

36. The Georgia Peace Officers Standards and Training commission (P.O.S.T) is conducting an ongoing investigation into Larrabee's use of force.

37. No other officer was in any way disciplined or reprimanded for the roles that they played in the unlawful detention, use of force, or arrest of Plaintiff.

6

38. Antonio Martinez was arrested for Battery on or about August 1, 2025 and also has an ongoing P.O.S.T. investigation into his actions. Martinez remains employed with the City of Griffin Police Department.

39. Prior to their hiring, the City of Griffin knew or should have known of the propensity of these officers to illegally detain individuals, use excessive force, and arrest individuals without probable cause.

40. The City of Griffin was and is negligent for hiring and retaining these officers.

41. The City of Griffin's negligence in hiring and retaining these officers caused and contributed to Plaintiff's injuries.

42. The City of Griffin was and is negligent in its implementation and operation of training protocols, specifically, but not limited to, training its officers on (1) *Terry* stops, (2) use of force, and (3) standards of probable cause to arrest.

43. The City of Griffin has a pattern and practice of deficiently training its officers on *Terry* stops, use of force, and standards to arrest.

44. This pattern and practice is so widespread in that it rises to the level of a custom or policy in the City of Griffin Police Department.

45. As a result of the use of force, Plaintiff suffered physical injury.

46. In addition to his physical injuries, Plaintiff also suffered severe mental, emotional, and psychological injury as a result of the malicious and excessive force used as set forth above.

47. Plaintiff continues to suffer physical, emotional, and psychological pain as a result of the acts and omissions of these Defendants.

48. At all relevant times, Plaintiff had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be free from unlawful detention, excessive force, and false arrest under color of law.

49. There was no reasonable justification for the unlawful detention, excessive force, or unlawful arrest that Plaintiff suffered by these Defendants.

50. No reasonable law enforcement officer would have believed that the acts and omissions as complained of herein were appropriate or commensurate under the circumstances.

51. No reasonable law enforcement officer would have believed that the criminal charges pleaded in paragraph 24 were supported by probable cause.

52. All acts complained of herein were committed maliciously and with intent to injure.

## COUNT I
## 42 U.S.C. §1983
## FOURTH AMENDMENT – UNLAWFUL DETENTION
## ALL DEFENDANTS

53. Plaintiff re-alleges and reincorporates paragraphs 1-52 as if fully set forth herein.

54. At all times relevant hereto, all named defendants were acting under color of law.

55. At all times relevant hereto, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from unlawful seizure by those acting under color of law.

56. At no point was there any justification for the unlawful detention effected against Plaintiff as complained of herein.

57. Larrabee is directly liable for his act of unlawfully detaining Plaintiff.

58. Witzel, Martinez, Jackson, and Milner are liable for their own acts as alleged and for their omissions in failing to intervene to stop the initial unlawful detention against Plaintiff by Larrabee.

59. The City of Griffin is liable under a *Monell* theory of liability in that their pattern and practice of deficiently training officers on when an officer may detain an individual was so widespread that it rose to the level of a custom or policy of the City of Griffin.

9

60. As a direct and proximate result of the acts and omissions of Defendants as described herein, Plaintiff was deprived of his Fourth Amendment right under the United States Constitution to be free from unlawful seizure.

61. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damages for which all Defendants are liable including but not limited to: physical injury; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

62. The injuries to Plaintiff are permanent and continuing.

**<u>COUNT II</u>**
**42 U.S.C. §1983**
**FOURTH AMENDMENT - EXCESSIVE FORCE**
**ALL DEFENDANTS**

63. Plaintiff re-alleges and reincorporates paragraphs 1-52 as if fully set forth herein.

64. At all times relevant hereto, all named defendants were acting under color of law.

65. At all times relevant hereto, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from excessive force by those acting under color of law.

66. At no point was there any justification for the excessive force against Plaintiff as complained of herein.

67. Larrabee is directly liable for the excessive force that he used against Plaintiff in tasing Plaintiff.

68. Witzel, Martinez, Jackson, and Milner are liable for their own acts as alleged and for their omissions in failing to intervene to stop the excessive force against Plaintiff by Larrabee.

69. The City of Griffin is liable under a *Monell* theory of liability in that their pattern and practice of deficiently training officers on appropriate use of force was so widespread that it rose to the level of a custom or policy of the City of Griffin.

70. As a direct and proximate result of the acts and omissions of Defendants as described herein, Plaintiff was deprived of his Fourth Amendment right under the United States Constitution to be free from excessive force.

71. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damages for which all Defendants are liable including, but not limited to: physical injury; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

72. The injuries to Plaintiff are permanent and continuing.

**COUNT III**
**42 U.S.C. §1983**
**FOURTH AMENDMENT – FALSE ARREST**
**ALL DEFENDANTS**

73. Plaintiff re-alleges and reincorporates paragraphs 1-52 as if fully set forth herein.

74. At all times relevant hereto, all named defendants were acting under color of law.

75. At all times relevant hereto, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from arrest without probable cause by those acting under color of law.

76. These Defendants arrested Plaintiff for Obstruction of an Officer without probable cause, or even arguable probable cause, to do so.

77. The City of Griffin is liable under a *Monell* theory of liability in that their pattern and practice of deficiently training officers on standards of arrest for obstruction of an officer was so widespread that it rose to the level of a custom or policy of the City of Griffin.

78. All Defendants are liable for the false arrest of Plaintiff.

79. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damages for which all Defendants are liable as set forth above.

80. The injuries to Plaintiff are permanent and continuing.

**COUNT IV**
**ASSAULT**
**GEORGIA LAW**
**ALL DEFENDANTS**

81. Plaintiff re-alleges and reincorporates paragraphs 1-52 as if fully set forth herein.

12

82. These defendants acted intentionally and maliciously to injure Plaintiff.

83. Larrabee's acts of pointing a firearm at, detaining, tasing, cuffing, and arresting Plaintiff placed Plaintiff in reasonable apprehension of immediate, unlawful contact and harm of which Plaintiff was at all times aware.

84. Witzel, Martinez, Jackson, and Milner's acts of detaining, grabbing, accosting, cuffing, and arresting Plaintiff placed Plaintiff in reasonable apprehension of immediate, unlawful contact and harm of which Plaintiff was at all times aware.

85. The City of Griffin is liable under a *Monell* theory of liability in that their pattern and practice of deficiently training officers on appropriate standards of detaining, arresting, and using force against individuals was so widespread that it rose to the level of a custom or policy of the City of Griffin.

86. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury, physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

## COUNT V
## BATTERY
## GEORGIA LAW
## ALL DEFENDANTS

87. Plaintiff re-alleges and reincorporates paragraphs 1-52 as if fully set forth herein.

88. These defendants acted intentionally and maliciously to injure Plaintiff.

89. Larrabee's acts of tasing, cuffing, and arresting Plaintiff placed Plaintiff constituted unwanted, offensive, and unlawful physical contact with Plaintiff which caused harm to Plaintiff.

90. Witzel, Martinez, Jackson, and Milner's acts of, grabbing, accosting, cuffing, and arresting Plaintiff constituted unwanted, offensive, and unlawful physical contact with Plaintiff which caused harm to Plaintiff.

91. The City of Griffin is liable under a *Monell* theory of liability in that their pattern and practice of deficiently training officers on appropriate use of force against individuals and appropriate standards of arrest was so widespread that it rose to the level of a custom or policy of the City of Griffin.

92. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury, physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## GEORGIA LAW
## ALL DEFENDANTS

93. Plaintiff re-alleges and reincorporates paragraphs 1-52 as if fully set forth herein.

94. These defendants acted intentionally and maliciously to injure Plaintiff.

95. Said acts were extreme and outrageous.

96. Plaintiff was impacted and personally harmed by said acts.

97. As a result of same, Plaintiff has suffered severe emotional distress, injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation, and embarrassment.

**<u>COUNT VII</u>**
**NEGLIGENT HIRING**
**GEORGIA LAW**
**CITY OF GRIFFIN**

98. Plaintiff re-alleges and reincorporates paragraphs 1-52 as if fully set forth herein.

99. The City of Griffin had, at all times relevant hereto, a duty of care to members of the public to exercise reasonable, ordinary diligence in hiring law enforcement officers to work in its Police Department.

100. The City of Griffin knew or, in the exercise of ordinary diligence, should have known, that all named defendant officers possessed dangerous propensities and tendencies and were unfit to serve as law enforcement officers.

101. By hiring the Defendant Officers, the City of Griffin breached its duty of care to the public in general and to Plaintiff specifically.

102. Plaintiff's injuries were reasonably foreseeable as the natural and probable consequence of the City's decision to hire the Defendant Officers.

15

103. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damages for which Defendants are liable including, but not limited to: physical injury, physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

**COUNT VIII**
**NEGLIGENT RETENTION**
**GEORGIA LAW**
**CITY OF GRIFFIN**

104. The City of Griffin had, at all times relevant hereto, a duty of care to members of the public to exercise reasonable, ordinary diligence in retaining law enforcement officers to work in its Police Department.

105. Following the decision to hire these Defendant Officers, The City of Griffin knew or, in the exercise of ordinary diligence, should have known, that all named defendant officers possessed dangerous propensities and tendencies and were unfit to serve as law enforcement officers.

106. By retaining the Defendant Officers, the City of Griffin breached its duty of care to the public in general and to Plaintiff specifically.

107. Plaintiff's injuries were reasonably foreseeable as the natural and probable consequence of the City's decision to retain the Defendant Officers.

108. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable

16

including, but not limited to: physical injury, physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

**COUNT IX**
**PUNITIVE DAMAGES**
**GEORGIA LAW**
**ALL DEFENDANTS**

109. Plaintiff re-alleges and reincorporates paragraphs 1-52 as if fully set forth herein.

110. The harm collectively caused by these Defendants has shown willful misconduct, malice, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences.

111. Due to such conduct, these Defendants are liable in punitive damages to deter such conduct in the future.

112. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered the injures complained of herein; consequently, Plaintiff is entitled to punitive damages against Defendants to deter similar conduct in the future and to punish Defendants for their wrongful acts, in an amount to be determined at trial.

17

## COUNT X
### ATTORNEYS FEES AND COSTS
### 42 U.S.C. §1988
### ALL DEFENDANTS

113.   Plaintiff re-alleges and reincorporates paragraphs 1-112 as if fully set forth herein.

114.   As a result of the actions, omissions, and wrongful conduct of Defendants as described herein, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of his rights.

115.   Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendants his attorneys' fees and the costs and expenses of litigation.

## DEMAND FOR JURY TRIAL

Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein and demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in his favor and against the Defendants, and that the following relief be granted by the Court:

a) that Plaintiff recover against Defendants in compensatory, special, and general damages as pleaded and in an amount to be determined at trial by the enlightened conscious of the jury;

b) that Plaintiff recover against Defendants in punitive damages in an amount sufficient to punish and deter Defendants in an amount determined at trial by the enlightened conscious of the jury;

c) that Plaintiff recover against Defendants for his attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

d) such other and further relief that the Court deems just and proper.

This 6th day of February, 2026.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
**Counsel for Plaintiff**

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com